UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMERICAN PRODUCTS PRODUCTION
COMPANY OF PINELLAS COUNTY, INC. et al.,

    Plaintiffs,

v.                                                             Case No: 8:23-cv-747-KKM-SPF

DENISE ARMSTRONG, et al.,

    Defendants.
_____

## ORDER

American Products Production Company of Pinellas County and several other corporate entities sued Denise Armstrong and others for defamation and abuse of process in state court arising from a pending Employee Retirement and Income Security Act (ERISA) dispute in Maryland. *See* Compl. (Doc. 1-1). The Defendants removed alleging complete preemption by ERISA. *See* Notice of Removal (Doc. 1). Since removal, the Plaintiffs moved to remand the case to state court for lack of subject matter jurisdiction and the Defendants filed two motions to dismiss for failure to state a claim. *See* Pls.' Mot. for Remand (Doc. 12); Mot. to Dismiss (Doc. 18); Mot. to Dismiss (Doc. 19). The motion for remand is not yet ripe for the Court's review. The Plaintiffs move to stay proceedings pending the Court's resolution of the motion for remand. *See* Pl.'s Mot. to Stay (Doc. 13).

The Defendants filed a response in opposition. *See* Defs.' Joint Opp'n to Pls.' Mot to Stay (Doc. 23). For the reasons explained below, the Court denies the Plaintiffs' motion.

A district court has broad discretion to stay proceedings as "incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.* 299 U.S. 248, 254 (1936). For good cause, the court may stay discovery to protect parties from annoyance, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1558–59 (11th Cir. 1985). The proponents of a stay "must make out a clear case of hardship or inequity in being required to go forward if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 256. But motions to stay are generally disfavored unless resolution of the pending motion would dispose of the entire case. *See, e.g., Carapella v. State Farm Fla. Ins. Co.*, No. 8:18-cv-2396, 2018 WL 726163 (M.D. Fla. Nov. 5, 2018) (Honeywell, J.) (declining to grant stay pending resolution of motion for remand).

The Plaintiffs ask the Court to stay the case pending resolution of the motion for remand "[b]ecause the issue of subject matter jurisdiction is a threshold determination this Court must make prior to ruling on other matters." Pls.' Mot. to Stay at 4. The Plaintiffs argue that they "should not be required to go to the expense of briefing" the motions to dismiss "and this Court should not be required to research and draft an opinion on these

2

motions" if the Court lacks subject matter jurisdiction due to an improper removal. *Id.* at 6. But as the Defendants argue, regardless of whether the Court remands this case, the Plaintiffs' briefing of the motions to dismiss would not waste judicial resources. The Defendants motions to dismiss could be "immediately ruled upon after denial of Plaintiffs' Motion to Remand" or "immediately re-filed" in state court if the Court grants the Plaintiffs' motion for remand. Defs.' Joint Opp'n to Pls.' Mot. to Stay at 7. The Defendants also argue that a stay would prejudice them because it would "put on hold the briefing that is underway on Defendants' Motions to dismiss," and "Defendants are entitled to have these motions decided as promptly as possible once the jurisdictional issues are resolved." *Id.* at 6. The Court agrees.

Further, the Court need not stay the case to address issues of subject matter jurisdiction. The Court will resolve questions about subject matter jurisdiction before ruling on the merits, including the pending motion to remand. Thus, the Court denies the motion for a stay.

Accordingly, the Plaintiffs' Motion to Stay (Doc. 13) is **DENIED**.

**ORDERED** in Tampa, Florida, on May 5, 2023.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge

3